## Stockwell, Appellant, *v.* Webster.

*Judgments—Opening judgment—Practice—Evidence.*

While a judgment should not be opened, as a general rule, upon defendant's oath alone when he is contradicted by the testimony of plaintiff, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of defendant, it is proper to open the judgment and refer the question to the jury.

Argued Feb. 20, 1894. Appeal, No. 156, Jan. T., 1894, by plaintiff, U. G. Stockwell, from order of C. P. Lackawanna Co., Jan. T., 1893, No. 390, making absolute rule to open judgment. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, J J. Affirmed.

Rule to open judgment. Before SMITH, J.

From the depositions taken in support of the rule it appeared that, on Oct. 31, 1892, defendant obtained from plaintiff $250 in cash, giving plaintiff therefor his, defendant's, judgment note, under seal, payable Nov. 15, 1892. At the same time they agreed in writing that if defendant, before the note fell due, should deliver to plaintiff the Delaware, Lackawanna & Western Railroad Company's agreement to construct, at its own cost, part of a branch railroad to run from its main line to a stone quarry owned by defendant, and furnish, at its own cost, the rails and plates for the remainder of the branch railroad, then the note should be void, otherwise to be in full force.

Defendant in his petition for the rule averred as follows: "Subsequent to this the said Stockwell, representing to me that certain persons who contemplated subscribing for said stock made some objections to the proposed road and planes to reach the quarry, requested me to endeavor to get from said railroad company, in lieu of the agreement above mentioned, an agreement to furnish rails, splice joints and spikes for a locomotive road from said Keyser Valley branch to said quarry; which said latter agreement I procured from said railroad company, in writing, and signed by the said W. F. Hallstead, general manager for said company, on Dec. 3, 1892.

"This agreement was procured at the instance of the said

Stockwell, within the time limited for the expiration of said option, and within the time limited for procuring the same as extended by mutual agreement between said Stockwell and me; and I immediately delivered it to him, and he expressed himself as well pleased with it and said it was worth ten thousand dollars more than the one which I had originally agreed to get from said railroad company.

" The said Stockwell subsequently solicited and procured subscriptions for said stock, representing to the persons solicited that I had procured the agreement last above described from said railroad company, and that it was much better than the one first contemplated. Having procured the agreement with said railroad company, as aforesaid, the note in suit, under the terms of my agreement with the said Stockwell, became null and void; yet the said Stockwell has entered judgment thereon and caused execution to be issued to enforce collection of the same."

Evidence on behalf of defendant was to the effect that plaintiff was pleased with the new agreement, and considered it more valuable than the old, and that he collected subscriptions to stock subsequent to the new agreement. Plaintiff denied that he accepted the substituted agreement.

Rule to open judgment absolute. Plaintiff appealed.

*Error assigned* was above order, quoting it.

*Charles L. Hawley*, for appellant, cited: Jenkintown Nat. Bank v. Fulmor, 124 Pa. 337; Thomas v. Loose, 114 Pa. 35; English's Ap., 119 Pa. 533; Wilkinson v. Becker, 155 Pa. 194.

*J. W. Carpenter*, for appellee, cited: Jenkintown Nat. Bank Ap., 124 Pa. 346.

PER CURIAM, March 26, 1894:

We concur in the conclusion reached by the court below in this case. The evidence taken upon the rule to show cause raised a question of fact which it was proper to refer to a jury for adjustment. While a judgment should not be opened, as a general rule, upon the oath of the defendant alone when he is contradicted by the testimony of the plaintiff, yet where there

are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of the defendant, it is usual to open the judgment and refer the questions to a jury.

The order appealed is affirmed.