## G. M. Gump, for Use of Abraham Gump, *v.* John T. Goodwin and James L. Smith, Appellants.

*Judgment—Opening judgment—Appeals—Practice, C. P.*

The court of common pleas in discharging a rule to open a judgment should always file an opinion setting forth at least briefly its findings of fact, and the grounds of its decision. The Supreme Court are not in a position to properly weigh the testimony, or consider its credibility with the same discrimination as the court below, and should therefore have the benefit of such an opinion to guide them in determining whether, in disposing of the case, there was such abuse of discretion in the court below as called for interference.

*Judgment—Opening judgment—Evidence.*

The court will not open a judgment entered upon a warrant of attorney contained in a bond properly executed by the defendants, upon the evidence of defendants that the bond and the mortgage accompanying it contained matters not provided for in the original agreement between the parties, and that defendants signed the bond without reading it, relying upon the statement of plaintiff's attorney that it conformed to the agreement between himself and plaintiff.

*Assignment of claim—Set-off.*

An assignment of a claim which the assignee intends to use as a set-off, if made with the express agreement that the claim should be reassigned if the set-off is not allowed, is not a sufficient transfer of ownership to enable the assignee to use the claim as a set-off.

Argued Oct. 8, 1895. Appeal, No. 48, Oct. T., 1895, by defendants, from order of C. P. Greene Co., April T., 1894, No. 156, discharging rule to open judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to open judgment entered upon a bond with warrant of attorney to confess judgment. Before MESTREZAT, J.

From the record it appeared that on December 20, 1893, G. M. Gump & Company sold to defendants a stock of goods. The defendants agree to pay therefor by a conveyance of real estate valued at five thousand dollars, and the balance of the invoice of the goods above five thousand dollars, by cash payments in monthly installments of five hundred dollars each. The stock of goods was invoiced at ninety-six hundred and

eighty-five dollars.  A bond and mortgage was duly executed, and contained a condition that if default should be made in the payment of any installment for the space of thirty days, the whole principal sum should become due.  The bond also provided for an attorney's commission of five per cent, and also contained a warrant of attorney to confess judgment.

On January 18, 1894, W. A. Hook, as attorney for the Pittsburg Dry Goods Company, executed and delivered cotemporaneously to John T. Goodwin and James L. Smith the following papers :

" For value received, I, as counsel of the Pittsburg Dry Goods Company, by the authority of the same, assign the claim of said company hereto attached amounting to the sum of seventeen hundred and forty-six and 21-100 dollars against G. M. Gump & Company to John T. Goodwin and James L. Smith.   January 18, 1894.

" At 2 p. m., January 18, 1894.                    W. A. Hook."

" Whereas John T. Goodwin and James L. Smith of Waynesburg, Pennsylvania, have purchased a large amount of goods, merchandise, etc., from the firm of G. M. Gump & Co., of Waynesburg, Pennsylvania, and have executed an article of agreement setting forth the character of the payment of the goods, merchandise, etc., and whereas the said G. M. Gump & Co. have purchased a large amount of merchandise, goods, etc., from The Pittsburg Dry Goods Company and there is the sum of Seventeen Hundred and forty-six and 21-100 dollars due and coming from the said G. M. Gump & Co., to the said Pittsburg Dry Goods Company for the merchandise, goods, etc., and whereas the said John T. Goodwin and James L. Smith have taken an assignment of the claim of The Pittsburg Dry Goods Company amounting to the sum aforesaid and upon the following terms : That The Pittsburg Dry Goods Company will indemnify and save harmless the said John T. Goodwin and Jas. L. Smith in said assignment and it is further understood by and between the said John T. Goodwin and James L. Smith and the said Pittsburg Dry Goods Company that if said assignment should not protect the said John T. Goodwin and James L. Smith in the payment of said sum of $1,746.21 dollars to the said Pittsburg Dry Goods Company then agreement shall be

null and void and of no effect and the claim of the said Pittsburg Dry Goods Company is to be re-assigned to them and the obligation given by the said John T. Goodwin and James L. Smith to The Pittsburg Dry Goods Company for the payment of the same is to be null and void and of no effect.

"Jan'y 18th, 1894.                         . W. A. Hook.
"Attorney for The Pittsburg Dry Goods Company."

On February 1, 1894, Abraham Gump, called upon the defendants and demanded payment of the $500 installment of the bond falling due that day, when payment was refused, unless he, Abraham Gump, would allow a credit on the bond for $1,746.21, the amount of the claim of the Pittsburg Dry Goods Company, which credit Abraham Gump refused to make, and on the defendants persisting in refusing to pay the installment, Gump, on February 1, 1894, caused the bond to be entered at No. 156, April term, 1894.

Defendants testified that the original agreement between the parties did not provide for the conditions and provisions above enumerated in the bond and mortgage, and that the bond and mortgage were signed without being read, relying upon the assurance of plaintiff's counsel that the defendants conformed to the agreement between the parties. Defendants also contended that the claim purchased from the Pittsburg Dry Goods Company should be set off against the installment due upon the mortgage.

The court discharged the rule to open judgment.

*Error assigned* was above order.

*A. A. Purman, W. A. Hook* with him, for appellants, cited, on the question of fraud: Thoroughgood's Case, 2 Rep. 9; Green v. North Buffalo Twp., 56 Pa. 114; Hunt v. Moore, 2 Pa. 105; McGrann v. Pittsburg & L. E. R. R., 111 Pa. 171; Bishop on Contracts (ed. 1887), sec. 346; Schuylkill Co. v. Copley, 67 Pa. 389; Ziegler v. First Nat. Bank of Allentown, 93 Pa. 397; Weller's App., 103 Pa. 599; 8 Smith on Contracts, 245; Wharton on Contracts, title Fraud, secs. 232, 236, 237, 239, 240.

On the question of set-off: The Farmers Dep. Nat. Bank v. Penn Bank, 123 Pa. 283; Rider v. Johnson, 20 Pa. 192.

*J. B. Donley, A. F. Silveus* with him, for appellee, cited on the question of fraud: Jenkintown Nat. Bank v. Fulmore, 124 Pa. 337; Christie & Steelsmith, 158 Pa. 117; Martinsburg Bank v. Telephone Co., 150 Pa. 39; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 46; Penna. R. R. v. Shay, 82 Pa. 198; Liggett v. Shira, 159 Pa. 350; Jones v. Lewis, 148 Pa. 234; Bear's Est., 60 Pa. 430; Greenfield's Est., 14 Pa. 497; Troubat & Haly's Practice, sec. 1950; Warwick Iron Co. v. Morton, 148 Pa. 72.

On refusal of the court below to allow a set-off of claim of $1,745.71 of Pittsburg Dry Goods Company: Northampton Bank v. Balliet, 8 W. & S. 318; Kountz v. Kirkpatrick, 72 Pa. 376; Miller v. Bomberger, 76 Pa. 81; 22 Am. & Eng. Ency. of Law, 406; Himmelman v. Reay, 38 Cal. 163; 22 Am. & Eng. Ency. of Law, 448; Kessler v. Angle, 2 W. N. C. 23; McGowan v. Budlong, 79 Pa. 472; Waterman on Set-off, 60; Parsons on Notes and Bills, 609; Byles on Bills, 545; Adams v. McGrew, 2 Ala. 675; McDonald v. Harrison, 12 Miss. 447; Waterman on Set-off, 2d ed. 63, sec. 59, 132; Miller v. Gillman, 7 Cowen, 469; Farmers Deposit Bank v. Penn Bank, 123 Pa. 283; Penn Bank v. Farmers Bank, 130 Pa. 209.

PER CURIAM, January 6, 1896:

In cases such as this,—appealing largely to the discretion of the court below,—where oral testimony of witnesses is frequently heard and passed upon, an opinion should always be filed by the court setting forth, at least briefly, its findings of fact and the grounds of its decision. We are not in a position to properly weigh the testimony or consider its credibility with the same discrimination as the court below, and should therefore have the benefit of such an opinion to guide us in determining whether in disposing of the case in that court there was such abuse of discretion as calls for our interference.

Aided by the able and exhaustive argument of the learned counsel for the defendants, we have carefully examined the somewhat voluminous record before us, and are not convinced that the court committed any error in refusing to open the judgment and let defendants into a defense. The evidence was certainly not sufficient to warrant the reformation of an instrument signed by parties fully competent to understand its contents. Without considering the evidence of notice of the

prior transfer of the judgment to the use plaintiff, it is sufficient to say that the assignment of the claim, presented as a set-off, was with the express agreement that if the set-off was not allowed the claim should be reassigned. This is not a sufficient transfer of ownership to enable the assignee to use the claim as a set-off : McGowan v. Budlong, 79 Pa. 472.

We find nothing in the record that would justify us in sustaining any of the assignments of error. Nor do we think that either of them requires further notice.

Decree affirmed and appeal dismissed, with costs to be paid by defendants.