# William Koch *v.* Catharine Biesecker and Erwin Biesecker, Appellants.

*Judgments—Applications to open—Discretion of court—Jurisdiction of appellate court.*

Opening or refusing to open a judgment rests in the sound discretion of the common pleas. In appeals from the action of that court in these cases the inquiry of the appellate courts is confined to the question, whether the discretion vested in the court below has been abused.

*Judgment—Application to open an equitable proceeding.*

An application to open a judgment is essentially an equitable proceeding; it cannot be based " purely on legal ground " in order to remove the case from the equitable power of the common pleas; the relief demanded is in equity, and the applicant must make a case which would justify a chancellor in entering a decree.

Argued Jan. 14, 1898. Appeal, No. 30, Jan. T., 1898, by defendants, from order of C. P. Lackawanna Co., Sept. T., 1897, No. 921, discharging petition to open judgment entered by virtue of a confession of judgment in a note. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Petition to open judgment. Before EDWARDS, J.

It appears from the petition and answer that the note in this case for $175 was given by Catharine Biesecker to William Koch for money borrowed by her from him; that Erwin Biesecker knew nothing about this loan at the time, and did not hear of it until several months afterwards, at which time Koch asked him to sign, and he did so; and that there was no consideration or inducement for his signing the note. He asks that the judgment may be opened as to him.

The answer filed by William Koch sets forth : That the statements made by Erwin Biesecker in his petition are untrue; that the note in question was given jointly by the defendants to secure the plaintiff for money loaned by him to the defendants; and that said loan was made more particularly at the request of Erwin Biesecker.

The court below, EDWARDS, J., refused the petition in the following opinion :

The contention of the defendant, Erwin Biesecker, does not commend itself in the case to our favorable consideration. We do not think he is entitled to any relief at our hands. We therefore decline to open the judgment. The rule is discharged.

Defendant appealed.

*Error assigned* was discharging rule to open judgment.

*C. W. Dawson,* of *Vosburg & Dawson,* with him *G. D. Taylor,* for appellants.—Wherever there appears to be facts in dispute upon which a jury ought to pass, the judgment will be opened : Mullen v. Mageoch, 14 W. N. C. 127 ; Wilson's Appeal, 109 Pa. 606 ; Lee v. Lindsay, 3 Lack. Jur. 55.

It is the right of a defendant in a judgment entered upon confession to have it opened where he shows a good legal or equitable defense existing at the time of the judgment: Wise's App., 99 Pa. 193; Wilson's App., 109 Pa. 606.

When a legal defense to a judgment is interposed, the proper practice is to award an issue : Lee v. Lindsay, 3 Lack. Jurist, 55.

The defendant made out a prima facie legal defense to the judgment.

The contract of guaranty like every other contract, requires a consideration to support it : Barrell v. Trussell, 4 Taunt. 117 ; Clark on Contracts, 188 ; Ex parte Minet, 14 Ves. 189.

*E. C. Newcomb,* for appellee.—If the court below had believed the story told by the Bieseckers, no doubt the judgment would have been opened, but as they evidently believed Koch told the truth, their discretion was well and wisely exercised in discharging the rule to show cause, and that discretion will not be reviewed : Kelber v. Plow Co., 146 Pa. 485.

39

OPINION BY SMITH, J., February 19, 1898:

This is an appeal by Erwin Biesecker, one of the defendants, from an order of the court of common pleas, discharging a rule to show cause why the judgment should not be opened. The plaintiff made answer to the application to open, and, subsequently, the depositions of both parties, taken under the rule to open, were filed and submitted to the court. The rule was afterward discharged, whereupon this appeal was taken.

An application to open a judgment is essentially a proceeding in equity. From the abandonment, in 1736, of the chancery jurisdiction previously exercised by the colonial tribunals, until the delegation of equity powers to the courts of common pleas which began a century later, it was one of the matters in which equity, as part of the law of Pennsylvania, was administered through the forms of law, and during that period it was the only method by which relief could be obtained against a judgment by confession. As to injunctions, this delegation, in 1836, extended only to the common pleas of Philadelphia and the supreme court at nisi prius; and it was not until 1857 that the same powers were given to the common pleas throughout the state. In Kellogg v. Krauser, 14 S. & R. 137, a question was raised as to the power of a court of law to admit such defense, and on this point Chief Justice TILGHMAN said: " If it has not this power, miserable indeed is our condition; it is the first time I ever heard it questioned; it is, and has been for the last half century at least, an undisputed and common practice." This power has not been affected by the equity jurisdiction since conferred on the courts of common pleas; the defendant has his election to proceed by bill in equity or by application to open the judgment: Frauenthal's Appeal, 100 Pa. 290; Gordinier's Appeal, 89 Pa. 528. Nor can the present case be removed from the equitable jurisdiction of the common pleas by the appellant's contention that the application was not addressed to the equitable powers of the court, but was based " purely on legal ground." As the basis for relief against a judgment by confession, defenses at law and in equity stand on the same ground. As to both, the judicial discretion is the same. Equitable relief may be granted on a defense strictly legal, as payment: Bank's Appeal, 124 Pa. 337; forgery:

Harris v. Harris, 154 Pa. 501; incapacity of the defendant: Kedward v. Campbell, 166 Pa. 365; usury: Wistar v. Mc-Manes, 54 Pa. 318; the statute of limitations: Ellinger's Appeal, 114 Pa. 505. It may also be denied notwithstanding the allegation of a defense purely legal, as forgery: Essick's Appeal, 1 Mona. 588; Early's Appeal, 90 Pa. 321; incapacity of the defendant: Wernet's Appeal, 91 Pa. 319; want of consideration: Pflaum v. McClintock, 130 Pa. 369; breach of warranty: Applebee's Appeal, 126 Pa. 385. The rights of the defendant depend not on the technical character of the defense, as legal or equitable, but on its sufficiency as exhibited to the court. And while, previous to the Act of April 4, 1877, P. L. 53, the case could be reviewed by the appellate court only on a bill in equity, under that act the decree of the common pleas, on a motion to open a judgment, may be fully examined on an appeal. Since the passage of that act the application for a rule to open is generally resorted to because it is more convenient in practice, and " the parties aggrieved by the decision of the court thereon may have the same reviewed . . . . by appeal, in like manner and proceedings as equity cases are now appealed." But "in either form of procedure the relief demanded is in equity, and the applicant or complainant must make a case which would justify a chancellor in entering a decree : " Knarr v. Elgren, 19 W. N. 531. The question was considered at length in Pfaff v. Thomas, 3 Pa. Superior Ct. 419.

Opening or refusing to open a judgment, rests in the sound discretion of the common pleas. In appeals from the action of that court in these cases, our inquiry is confined to the question whether the discretion vested in the court below has been abused. In Pfaff v. Thomas, supra, we said : " Upon appeal . . . . the appellate court is not called upon to review the whole case in extenso ; its function is to examine and determine whether the discretion of the common pleas has been properly exercised. These applications are addressed to the equity powers of the court, and the judge who hears them sits as a chancellor and disposes of them in accordance with the principles of equity. The decision of the chancellor must, of course, rest upon competent evidence, and if not so founded it will be set aside by the appellate court. With this qualification, however, where the court below passes upon the credibility of the witnesses

and the weight of the evidence, and bases its decision upon the whole case presented, the conclusion thus arrived at will not be disturbed unless it is clearly shown that a mistake in fact or in law has been committed."

All the steps necessary to a full understanding of the controversy in the present case, seem to have been taken by the learned judge who heard the application in the court below, and we must presume, in the absence of all proof to the contrary, that his decision is based upon the whole case presented. The evidence, as sent here, fully warrants the decision, and were we required to pass upon it de novo, we would arrive at the same conclusion. It shows good faith on the part of the plaintiff ; that his judgment was honestly and lawfully obtained, and for a full consideration. He is entitled to its fruits.

Judgment affirmed.