## W. W. Blake Tobacco Company *v.* Posluszsy, Appellant.

*Judgment—Opening judgment—Names of parties—Principal and surety—Forgery.*

A judgment bond was signed by W. Posluszsy as principal, and M. Debinski as surety. Judgment was entered on the bond against "George" (alias W.) Posluszsy and M. Debinski. Debinski's full name was Martin Debinski. *Held,* that if there was any substantial discrepancy between the bond and the record of the judgment, as to the names of the parties, the defect could be cured by amendment.

In a proceeding to open a judgment, valid on its face, based on a petition alleging that the instrument upon which the judgment is founded is a forgery, to which petition there is a fully responsive answer, the defendant is the actor, and the plaintiff is not required to prove the signature of the defendant by the subscribing witness, or account for his failure to produce the witness.

The exercise of jurisdiction upon rules to open judgment, entered on warrants of attorney, is within the discretion of the court, and an appellate court will not interfere except where there is a manifest abuse of such discretion.

The appellate court will not reverse an order of the court below in refusing to open a judgment, merely because the lower court did not file an opinion.

Argued May 10, 1906. Appeal No. 53, April T., 1906, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1903, No. 76, discharging rule to open judgment in case of

W. W. Blake Tobacco Company v. George (alias W.) Pos-
luszsy and M. Debinski.   Before RICE, P. J., PORTER, HEN-
DERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*W. J. Brennen*, for appellant.—Before plaintiff could hold
the defendant on account of this bond, defendant having denied
under oath that he had signed the said bond, or authorized any
other person to sign the same for him, plaintiff was bound to
prove the signature of the defendant by the subscribing witness,
or account for his failure to produce the witness : Truby v.
Byers, 6 Pa. 347 ; Brobst v. Welker, 8 Pa. 467; Tams v. Hit-
ner, 9 Pa. 441; Williams v. Floyd, 11 Pa. 499; American
Underwriter's Assn. v. George, 97 Pa. 238.

The proof required for a written instrument under seal, to
wit, the evidence of the subscribing witness, not having been
produced by the plaintiff upon the rule to show cause, the de-
nial of the signature by the defendant makes it plain that the
judgment should have been opened : Shannon v. Castner, 21 Pa.
Superior Ct. 294; Com. v. Mellet, 196 Pa. 243; Bucher v.
Meixell, 5 Pa. Dist. Rep. 375 ; Bunnell v. Kintner, 10 Kulp,
421.

And the court below erred in the further particular that in
discharging the rule to open the judgment it did not file an
opinion, setting forth at least briefly its findings of fact and
the grounds of its decisions :  Gump v. Goodwin, 172 Pa. 276.

*B. H. Pettes*, of *Pettes & McAllister*, for appellee, cited : Kel-
ber v. Plow Co., 146 Pa. 485 ; Jenkintown Nat. Bank's App.,
124 Pa. 337 ; Com. ex rel. v. Mellet, 196 Pa. 243 ; Earley's
App., 90 Pa. 321 ; Wernet's App., 91 Pa. 319 ; O'Hara v. Baum,
82 Pa. 416.

OPINION BY RICE, P. J., October 5, 1906 :

The plaintiff, through its attorneys, caused judgment to be
entered against George (alias W.) Posluszsy and M. Debinski

upon a bond and accompanying warrant of attorney for confession of judgment, purporting to have been signed by W. Posluszsy as principal and M. Debinski as surety. Execution was issued thereon, by virtue of which the goods of the appellant, whose full name is Martin Debinski, were levied upon. Upon his petition setting forth the discrepancies between the bond and the record of the judgment, and denying that he signed or authorized any person to sign the bond, or that he became surety for Posluszsy, and praying that the execution be stayed and the levy upon his goods released, the court granted a rule to show cause why the judgment should not be opened. A responsive answer was filed on behalf of the plaintiff, depositions were taken on both sides, and after hearing, the court, without opinion filed, discharged the rule, from which order Martin Debinski took this appeal.

It is claimed that the court ought to have opened the judgment because of the discrepancy as to the name of the surety, heretofore alluded to, between the bond and the record of the judgment. The answer to this contention is, that, whatever may be his other remedies, the appellant had no standing to move to open the judgment except upon the implied concession that he is the identical person intended to be made one of the defendants therein, and the evidence adduced at the hearing of the rule leaves no room for doubt that he is the person against whom the plaintiff intended to enter judgment. Moreover, there is no substantial variance between his name and the name signed as surety upon the bond and the warrant annexed thereto. The discrepancy between it and the record of the judgment is one which was plainly curable by amendment, and for the purpose of this proceeding the record may be treated as having been amended accordingly.

Another point very strenuously urged by the appellant's counsel is, that his client having denied under oath that he had signed the bond, or authorized any other person to sign the same for him, the plaintiff was bound to prove his signature by the subscribing witness, or account for his failure to produce the witness. It is to be observed that this point was not raised at the taking of the depositions as an objection to the admission of evidence adduced by the plaintiff tending to show appellant's execution of the bond, but is put forward as a con-

clusive legal reason for holding that the court erred in not opening the judgment. The cases cited in support of this contention would be applicable if this had been a trial of an action upon the bond in which the plaintiff had offered the instrument in evidence, and the defendant had objected in limine that the execution thereof must be proved by the subscribing witness. But in a proceeding to open a judgment, valid on its face, based on a petition alleging that the instrument upon which the judgment is founded is a forgery, to which petition there is a fully responsive answer, the defendant is the actor. In very many respects he stands in the place of the plaintiff in a bill in equity, and upon the hearing of the rule to open it is incumbent on him to go forward with the evidence to sustain his allegation, and this may be met by any relevant evidence tending to disprove it. Indeed the defendant's testimony may be so contradictory in itself as to warrant the court in discrediting it and refusing to act upon it. The court acts as a chancellor and is to exercise a sound legal discretion upon a view of all the evidence. Therefore, while in such proceeding the omission of the plaintiff to call the subscribing witness is a fact of greater or less significance, depending upon the circumstances, it does not furnish a technical legal reason for opening the judgment without regard to the other evidence.

Passing now from the two specific grounds upon which it is claimed that the judgment ought to have been opened we come to a consideration of the case upon the merits as disclosed by the evidence as a whole. There is one very significant feature of the case which may be adverted to. It appears that while the appellant, when demand was made upon him, denied the execution of the bond, yet according to the testimony of two apparently reputable witnesses he proposed to pay one-half if the other party to the bond would pay the other half. This offer, assuming that he made it, which he denies, would not by any means be regarded as a conclusive admission of his liability. Standing alone it might possibly be regarded as a mere offer of compromise and therefore not implying an admission of liability to any extent. But the point to which we call attention is that, according to the testimony of these two witnesses, he produced at that time another paper and alleged that that was the paper that he signed and not the paper in question. These

witnesses testify positively that the paper thus produced by him was an exact duplicate of the bond in question and that the signature M. Debinski upon both papers was apparently written by the same hand. The appellant alleges that the paper that he produced was not a duplicate of this bond, but was a mortgage. It is thus seen, accepting his statement, that it was within his power to very greatly strengthen his testimony and strongly contradict that of the two witnesses by producing the paper. But he did not produce it on the hearing and his testimony with regard to it is such as, to say the least, weakens his contradiction of these two witnesses. We will not encumber the record by a recital of it, but it undoubtedly impressed the court as it has impressed us in the way we have indicated. There is in addition very positive expert testimony, that the handwriting upon the bond is the same as that upon the petition to open the judgment. Without undertaking to marshal the evidence pro and con, we think the appellant has failed to show an improper exercise of the discretion vested in the court below, such as would justify us in overturning its action. The rule upon the subject is settled by numerous authorities. The exercise of jurisdiction upon rules to open judgments entered on warrants of attorney has always been held to be within the sound discretion of the court. The acts of 1877 and 1891 which provide for an appeal have not changed the law in that respect. As was said in Earley's Appeal, 90 Pa. 321: " It is a mistake to suppose that the court cannot judge of the weight of the evidence and the credibility of witnesses, but must in every case, where there is a conflict of testimony, send the case to a jury. In equity cases these questions may be determined by the chancellor and on appeal his decision is reviewed. We are to determine in all such appeals whether the discretion of the court below has been rightly exercised." This principle is applicable not only where there is a conflict of evidence concerning an allegation of fraud or of failure of consideration, but also where the petition to open is based upon an allegation of forgery. In Roenigk's Appeals, 1 Sadler, Supreme Ct. Cases, 286, the court said : " We are unable to see any difference in principle, in regard to the exercise of a sound discretion, whether the averment be a denial of the execution of the note upon which the judgment was entered, or whether it be a de-

nial of any consideration, or whether it aver a failure of consideration or a fraudulent use of the obligation." True, it has been held that the two-witness rule does not apply with the same strictness where the genuineness of the defendant's signature to the instrument upon which judgment was entered is denied, but that the general principle that the court is to exercise a sound legal discretion upon all the evidence applies to such a case is well settled. One of the latest cases upon the subject is Commonwealth ex rel. v. Mellet, 196 Pa. 243. See Essick's Appeal, 1 Mona. 588, also Koch v. Biesecker, 7 Pa. Superior Ct. 37, where the subject is quite fully discussed and the authorities collated. We refer also to the very recent cases of Augustin v. Wolf, 215 Pa. 558 ; and McCullough v. Kinnan, ante, p. 557.

The third assignment of error is : " The court erred in discharging the rule to open the said judgment without filing an opinion setting forth briefly its findings of fact and the grounds of its decision." In support of this assignment counsel cited Gump v. Goodwin, 172 Pa. 276, where it was suggested that the court in such cases ought to file an opinion setting forth at least briefly its findings of facts and the grounds of its decision. The present case is an appropriate one in which to repeat this suggestion. A brief opinion as above indicated would have aided materially in the disposition of the case in the appellate court. But it is to be observed that in the case cited the matter above referred to was not distinctly held to be reversible error. On the contrary the decree was affirmed.

Upon a fair view of the whole case from every standpoint we find no sufficient ground upon which to base a reversal of the order.

The order is affirmed and the appeal dismissed with costs to be paid by the appellant.