# Light *v.* Sholl, Appellant.

*Judgment—Opening judgment—Forgery—Evidence—Discretion of court.*

Although the defendant in a confessed judgment testifies that his signature is a forgery, and there is opposing testimony, there is no inflexible rule which compels the court to open the judgment. Even in such a case the judge should exercise a sound discretion, after a careful consideration of the character and effect of the testimony.

On a rule to open a judgment, the defendant alleged that the note upon which the judgment was entered was a forgery. The testimony upon this subject was that of the defendant herself and a comparison of the signature to the note in question with others which she admitted to be genuine. On the other hand, her sister, who was the subscribing witness to the note, and the plaintiff himself both testified unequivocally to the fact that she signed the note. A brother also testified that she admitted to him that she had signed a note for a settlement of $300, which was the amount of the note in controversy. The defendant was an illiterate woman, and testified that she wrote her "name poorly." *Held,* that the court committed no error in discharging the rule to open the judgment.

Argued Oct. 25, 1906. Appeal, No. 179, Oct. T., 1906, by defendant, from order of C. P. Lebanon Co., June T., 1902, No. 266, discharging rule to open judgment in case of Ezra H. Light v. Priscilla Sholl. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment. Before EHRGOOD, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Robert L. Adams,* with him *Paul G. Adams* and *J. G. Adams,* for appellant.—The rule that a court may not open a judgment unless there is more than oath against oath has no application to a case of this kind when the note itself does not go into the scales against the defendant, the allegation being that it was forged: Lewis v. Ahlum, 32 Pa. C. C. Rep. 40; Schomaker v. Dean, 201 Pa. 439; Augustine v. Wolf, 29 Pa. Superior Ct. 336; Steiner v. Scholl, 163 Pa. 465.

*H. Rank Bickel,* for appellee.—The rule was properly discharged: Earley's App., 90 Pa. 321; Augustine v. Wolf, 29 Pa. Superior Ct. 336; Shannon v. Castner, 21 Pa. Superior Ct. 294; Essick's App., 1 Mon. 588; Wernet's App., 91 Pa. 319; La Roche Electric Works v. Emery, 173 Pa. 331; Cloud v. Markle, 186 Pa. 614; Jenkintown Nat. Bank's App., 124 Pa. 337.

OPINION BY BEAVER, J., November 19, 1906:
A rule to show cause why a judgment, entered by the plain-

tiff against the defendant upon a judgment note, should not
be opened and the defendant let in to a defense was, after a
careful and painstaking hearing by the judge who heard the
testimony in the court below, discharged.

The only error assigned here is the discharge of the rule.

The defendant alleged that the note upon which the judg-
ment was entered was a forgery. The testimony upon this
subject was that of herself and a comparison of the signature
to the note in question with others which she admitted to be
genuine. On the other hand, her sister, who was the sub-
scribing witness to the note, and the plaintiff himself both tes-
tify unequivocally to the fact that she signed the note. A
brother also testifies that she admitted to him that she had
signed a note for a settlement for $300, which is the amount
of the note in controversy.

The defendant is an illiterate woman who cannot read writ-
ing, but who says, in her examination: " I can't write and can't
read writing. I can write my name poorly, but this I didn't
write. There was no such paper like this. It was shaped
like that marked B. I know as well how it looked as to-day."
She admits having signed a paper, but is unable to state what
its contents were.

It may be said, in reference to the comparison of signatures,
that a person who is barely able to write her name, and does so
on rare occasions, does not, in the nature of the case, acquire
such a fixed and uniform signature as will furnish a standard
by which comparisons can be fairly made. So far as we can
judge from a comparison of the signatures, the points of re-
semblance are as many as the points of difference.

But, be that as it may, the court below, after hearing and
reading the testimony, reached the conclusion that " The weight
of the evidence in favor of the plaintiff's contention is so strong
that we believe it becomes our duty to discharge this rule."
This conclusion is clearly based, as is shown by the opinion
of the court, upon the careful consideration of the testimony
and the exercise of a sound judicial discretion in reaching a
conclusion.

It is true, as pointed out by the appellant, that the court
says in its opinion: " Annie Light testifies that the paper she
witnessed for the defendant was the note in question. In

órder that the defendant may have the relief sought, it is necessary for the court to say, in effect, that the note in suit is a forgery, to which her sister must have been a party, and that her two brothers, the plaintiff and Andrew, and her sister Annie committed willful perjury. This we are not willing to do, but rather believe that the defendant is mistaken in the kind of paper she signed, which was witnessed by Annie."

If the conclusion of the court below had been based solely upon the fear of consequences, rather than upon the weight of the testimony, it would have been open to serious question, but the opinion, taken as a whole, clearly shows that the conclusion was based upon the weight of the evidence and this, irrespective of the consequences to which reference is made. A careful reading of the testimony convinces us that the court exercised due discrimination and a sound legal discretion in reaching the conclusion arrived at in the discharge of the rule.

In Shannon v. Castner, 21 Pa. Superior Ct. 294, President Judge RICE said: "And though the defendant testifies that his signature is a forgery, and there is opposing testimony, there is no inflexible rule which compels the court to open the judgment. Even in such a case the judge should exercise a sound discretion, after a careful consideration of the character and effect of the testimony: Roenigk's Appeal, 2 Cent. Repr. 68 ; Essick's Appeal, 1 Mona. 588."

A number of late cases, involving similar questions, are: Augustine v. Wolf, 215 Pa. 558 ; McCullough v. Kinnan, 31 Pa. Superior Ct. 557, and Tobacco Co. v. Poslusky, 31 Pa. Superior Ct. 602, in all of which the action of the court below, in reaching a conclusion as to the genuineness of defendant's signature in cases similar to the one under consideration, has been sustained.

Leaving the note itself entirely out of consideration, as a makeweight for the plaintiff, we cannot but reach the conclusion that the court below properly disposed of the rule to show cause.

Judgment affirmed, and appeal dismissed at the costs of the appellant.