# McPherson, Appellant, v. Cole.

*Judgments—Scire facias to revive—Confession of judgment— Rule to open judgment—Collusion and fraud—Discretion of court —Opinion.*

1. It is not an abuse of discretion for the court to open a judgment entered by confession upon a scire facias to revive a judgment more than thirty years old, where the confession of judgment on the scire facias was made by the widow and administratrix of the defendant, and evidence was offered in support of the petition to open, that the confession of judgment was made in pursuance of a conspiracy to cheat and defraud the estate of the decedent and the persons entitled thereto under the laws of Pennsylvania, and that the petitioners, heirs of the defendant debtor, had been fraudulently prevented from defending by reason of a representation of counsel for the widow that a defense was to be made by her. In such case, however, the court should not open the original judgment, especially where no reason appears on the record for so doing.

2. In such case it is peculiarly the duty of the court to file an opinion, accompanying it with a statement of the general facts in the case and the reasons upon which he bases his conclusion.

Argued March 18, 1913. Appeal, No. 418, Jan. T., 1912, by plaintiff, from order of C. P. Susquehanna Co., Nov. T., 1911, No. 99, opening judgment in case of James McPherson, assigned to George I. Cole, v. Annie Cole, administratrix of the Estate of Henry Cole, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Order modified.

Rule to open judgment. Before LITTLE, P. J.

The opinion of the Supreme Court states the case.

From the record it appeared that a judgment by con-

fession was entered as of January Term, 1877; that no proceedings were taken thereon until November Term, 1910, when the original judgment was revived by confession of the administratrix of the original plaintiff. The court made absolute a rule to open both judgments. Plaintiff appealed.

*Error assigned* was the action of the court in opening the judgments.

*John R. Jones,* for appellant.

*John Ferguson,* for appellee.

Opinion by Mr. Justice Stewart, April 21, 1913:

The original judgment in this case, entered upon confession, for the sum of $600, payable in three years, had been suffered to slumber in undisturbed repose for more than thirty years during the life of the judgment debtor, Henry Cole, without any attempt to revive it. Henry Cole died in 1909 seized of certain real estate. He left surviving a widow, and six children by a former wife. The widow became administratrix of the estate. A year after the death of Cole the use plaintiff in the judgment, George I. Cole, a brother of the decedent, who had acquired the judgment by assignment very shortly after its entry, caused a writ of scire facias to issue on the judgment, the administratrix having first been substituted on the record as defendant. To this writ the administratrix appeared, and confessed judgment of revival 20th March, 1911, in the sum of $1,836. In October following the use plaintiff caused to be issued another scire facias to revive the judgment last above entered, with notice to the heirs of Henry Cole. To this writ the administratrix appeared, and again confessed judgment in the sum of $1,856.62, as of November 14, 1911. The proceeding here for review began with a petition of Daniel Cole, son of Henry Cole, the deceased

debtor, for a rule to open the judgment of revival con-
fessed by the administratrix. It was averred in the
petition that in confessing the judgments the admin-
istratrix had acted in bad faith; that the petitioners
and other heirs of the defendant debtor had employed
counsel whom they had instructed to ask of the court
leave for them to intervene and make defense to the
writs of scire facias; that their said counsel was de-
terred from so doing only by the assurance from the
counsel representing the administratrix that at the
instance of the latter he had prepared an affidavit of
defense, which he then exhibited to petitioners' coun-
sel, denying the right of plaintiff to recover, and that
the same would be duly filed; that such affidavit never
was filed, but that instead thereof the administratrix
filed an affidavit in which judgment was confessed. The
petition alleged a conspiracy between the administra-
trix and the use plaintiff to cheat and defraud the es-
tate of Henry Cole. An answer was filed to the rule
and considerable evidence was taken. It was peculiarly
a case in which the judge presiding in making his final
order should have filed an opinion, accompanying it
with a statement of the general facts of the case and the
reasons upon which he based his conclusion. In entire
disregard of what we said in Gump v. Goodwin, 172
Pa. 276, as to the duty of the court in such cases, he
has cast upon us the burden of finding the facts for our-
selves, and left us to conjecture as to the reasons on
which he based his action in making the rule for the
opening of the judgments absolute. We have with care
examined into the evidence submitted to see for our-
selves what if any reason is there afforded for the open-
ing of the judgments. It is only necessary to say that
we have found sufficient to convince us that the judicial
discretion in opening the judgments was not abused.
It is unquestionably true that an administratrix may
confess judgment in an action of scire facias to revive;
but when this is done, it must be in the exercise of good

faith with proper regard to the rights of the estate she represents, and of those interested therein. When done with a purpose to gain advantage to herself or others, in prejudice of the rights of those legally interested, no matter whether creditors or heirs, and the judgment would so operate, it is the undoubted right of those prejudiced thereby to demand equitable interference. We pass no judgment upon the good faith of the administratrix in this case further than to say that there is sufficient evidence in the case to put the parties to the proof of their allegations. Were there nothing more, the mere fact that the confession in this case deprived the estate which it was her duty to protect and conserve of the advantage of the presumption of payment of a judgment more than thirty years old, without any better reason than, as she avers in her affidavit, that the defendant had told her in his lifetime that the judgment was unpaid, this in itself would be quite sufficient.

The order of the court opening the judgment seems to include the original judgment with the judgment of revival. We find nothing in the prayer of the petition asking that the original judgment be opened; nor do we find anything in the evidence that calls for any interference with it. It is not necessary that it should be opened in order to do full justice between these parties. At the time of the judgment debtor's death, it was more than thirty years old and unrevived. Such a judgment can sustain no process of any kind except a scire facias. As the judgment stood at the defendant's death, it was absolutely unenforceable until revived. An action to revive would encounter at once a presumption of payment which would end it, except as that was overcome by proof to the contrary. We modify the order and decree of the court by eliminating from its operation the original judgment, and as so modified, the order and decree are affirmed at costs of appellant.