NOTE.—Syllabus by the Court.

---

## Mutual Stock Food Co., for use of Farmers' Bank, v. Stander.

*Practice, C. P.—Opening judgment—Forgery—Evidence.*

1. A judgment entered by confession under a warrant will not be opened on the unsupported affidavit of the defendant that his signature is a forgery.

*Practice, C. P.—Petition to open judgment—Answer—Burden of proof.*

2. Where an answer is filed to a petition to open a judgment, denying the petitioner's allegations, the burden is upon the petitioner to establish the averments of the petition.

Rule to open and strike off judgment. C. P. Union Co., Jan. T., 1923, No. 74.

*John A. Beard* and *Andrew A. Leiser*, for plaintiff.

*Albert W. Johnson*, for defendant.

POTTER, P. J., June 29, 1923.—This is an application to strike off a judgment and also to open the same, to the end that the defendant may be let into a defence. The petition of the defendant sets up the forgery of his name to a note of $275, under date of Sept. 19, 1922, payable ninety days after date to the plaintiff above named. The note is what is commonly known as a judgment exemption note under seal, and was discounted by the Farmers' Bank of Mifflinburg, now the use-plaintiff.

The note was entered of record in the Court of Common Pleas of Union County, to No. 74, January Term, 1923, on which, in due course, a *testatum fieri facias* was issued to the Court of Common Pleas of Warren County, Pennsylvania.

3 D. & C.

Mutual Sotck Food Co., for use of Farmers' Bank, *v*. Stander.

Upon the presentation of the defendant's petition to open and to strike off the judgment, a rule was granted to show cause, &c., all proceedings to stay and the lien of the levy to remain.

Answers to the petition were filed by both the plaintiff and the use-plaintiff, flatly denying the allegations of forgery. No replication has been filed by the defendant, in default of which he practically admits the allegations contained in the answers as true. See Rule of Court No. 163.

We have not the least hesitation in saying that this judgment should not be opened, nor should it be stricken off. Under our Rule of Court No. 163, *supra*, the charge of the forgery of the defendant's name has been stricken down.

On Feb. 10, 1923, the rule was granted. The case was regularly on the argument list at our regular term of argument court held on April 23, 1923, but at that time no testimony had been taken, and at the urgent request of counsel for the defendant the case was continued to the first day of next term, which was on May 21, 1923. No testimony had as yet been taken, and in fact nothing had been done since the presentation of the petition up to that time, and again nothing had been done in the way of making disposition of the case. It had been set for disposal at that time, and at the request of counsel for the plaintiffs we heard the case.

If the charge of forgery was true, surely by the time of the argument of the case on May 21, 1923, the defendant would have taken some steps to prove it. His name is signed to the note, presumably by himself. Primarily, the note stands for exactly what it purports to be, and when the defendant alleges forgery, the burden is on him to prove it, and up to the present time he has not produced one word of proof in substantiation of his allegations. Or, in other words, he has not made out his case, in which case, on a trial before a jury, we would either enter a non-suit or give binding instructions.

We do not think under the proceedings in this case and the apparent abandonment of it we would need consider the case any further. But we cannot refrain from observing that on Aug. 30, 1922, this defendant wrote the legal plaintiff, asking for information regarding the proposition they had to offer. On Sept. 1, 1922, they replied to him, referring him to Mr. Silverman, their representative, who would call on him soon. On Sept. 19, 1922, we have a contract signed by the defendant for merchandise to the value of $275, for which he gives his note of even date, the signature to which he denies. On Sept. 19, 1922, the plaintiff acknowledges to him his order. On Sept. 19, 1922, the defendant, by telegram, attempts to cancel his order, when at the same time the order signed by him, and which he does not deny, plainly states that it cannot be countermanded. On Sept. 21, 1922, the plaintiff replies to the telegram, refusing to cancel the order. On Sept. 21, 1922, the defendant wrote the plaintiff, wherein he admits he ordered the goods. In the ordinary course of business, the plaintiff company would hardly accept the defendant's order, he being an entire stranger, without some kind of security for the price of the goods embraced in it; hence the taking of the note.

It is a well-known principle of law that a judgment will not be opened on the unsupported affidavit of the defendant that his signature is a forgery: Turner *v*. Smith, 7 Kulp, 139; Quackenbush *v*. Reynolds, 15 Dist. R. 657.

And where an answer is filed to the petition denying the petitioner's allegations, he must prove them: Blake Tobacco Co. *v*. Posluszsy, 31 Pa. Superior Ct. 602. In the case at bar we have two answers completely denying the petitioner's allegations, and no proof by the petitioner.

We do not deem any further discussion of this case, nor the citation of further authorities, necessary.

And now, to wit, June 29, 1923, the rule to open the judgment or to strike it off is discharged, and all proceedings on the judgment are reinstated as they were when the rule was granted.

From Charles P. Ulrich, Selins Grove, Pa.