## Earley's Appeal.

1. The exercise of jurisdiction to open judgments, entered on warrants of attorney, has always been held to be within the sound discretion of the court. The Act of April 4th 1877, which provides for an appeal to the Supreme Court, has not changed the law in that respect.

2. In such cases, the courts may judge of the weight of the evidence and the credibility of the witnesses, and they are not required, in every case where there is a conflict of testimony, to send it to the jury.

May 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON and TRUNKEY, JJ. PAXSON, WOODWARD and STERRETT JJ., absent.

Appeal from the Court of Common Pleas of *Dauphin county:* Of May Term 1879. No. 189.

Appeal of John Earley, from the decree of the court refusing to open a judgment entered upon a warrant of attorney.

Earley gave a judgment-note to John Zaring for $472.18. Judgment was entered on the note and execution issued thereon, when Earley obtained a rule to show cause why the judgment should not be opened, on the ground that one of three notes which made up the amount of the judgment-note was a forgery.

Depositions were taken, and a hearing had before Pearson, P. J., who in an opinion, inter alia, said: "We have no doubt, from the whole course of John Earley, that the note was his, signed or authorized by him, and there is scarcely a pretence that the bond given is not good and valid. Where men swear as differently as do Zaring and Earley, about what occurred when the bond was executed, we cannot disregard the writing or permit a jury to disregard it, else no man will be safe where

90 321
146 491

90 321
186 617

90 3
202 ²1

90 3
31 SC 6

90 3
32 SC ²25

the parties are witnesses. Neither of us believe much that John Earley has sworn to, taking his own statement. It is too improbable and contradictory. It is contended that where the testimony of the parties is so contradictory, it must be left to a jury to decide. We hold, that judgments entered on genuine instruments are not to be thrown open in all cases on the oath of a party alone, against the oath of the other party. In such cases, the writing must prevail and the judgment remain undisturbed. The application is refused."

From this decree this appeal was taken by Earley, under the provisions of the Act of April 4th 1877, Pamph. L. 53, alleging that the court erred in undertaking to determine the facts in dispute between the parties; in the court's conclusions thereon, and in not opening the judgment.

*Fleming & McCarrell*, for appellant.—The application to open this judgment, was not based upon testimony in any way contradicting the instrument or varying its terms. It rested upon testimony going to show what the consideration for this judgment-note was, and that this consideration had partially failed, by reason of the fact that through mistake and want of eyesight, a forged note for $250 had been included in it. Such evidence was admissible: Anspach v. Bast, 2 P. F. Smith 358. The court took upon itself the responsibility of deciding disputed facts which in no sense contradicted the instrument, and of weighing the testimony and passing upon the credibility of witnesses. We submit that this was error: Massey v. Buck, 1 Phil. R. 215 ; Kellogg v. Krauser, 14 S. & R. 143.

*W. C. Detweiler* and *A. J. Herr*, for appellee.—There is no evidence to contradict Zaring, except the testimony of Earley. A judgment will not be opened on the defendant's unsupported affidavit, which is contradicted by the plaintiff under oath : Packer v. Rice, 2 Luzerne L. Reg. 24. It was within the discretion of the court to determine the question of fact.

The judgment of the Supreme Court was entered, June 7th 1879,

PER CURIAM.—The exercise of jurisdiction upon rules to open judgments entered on warrants of attorney, has always been held to be within the sound discretion of the courts. The Act of April 4th 1877, Pamph. L. 53, which provides for an appeal to this court, has not changed the law in that respect. It provides only that the decision "shall be reviewed by appeal in like manner and proceedings as equity cases are now appealed." It is a mistake to suppose that the court cannot judge of the weight of the evidence and the credibility of witnesses, but must in every case,

where there is a conflict of testimony, send the case to a jury. In equity cases, these questions may be determined by the chancellor, and on appeal his decision is reviewed. We are to determine in all such appeals whether the discretion of the court below has been rightly exercised. We think the decision on the rule in this case, is fully sustained by the opinion of the learned president.

Order affirmed, appeal dismissed at the cost of the appellant and record remitted.