## Kneedler's Appeal.

1. A motion to open a judgment entered on a warrant of attorney is an appeal to the equitable powers of the court, and on appeal under the provisions of the Act of April 4th 1877, the question is whether the court rightfully exercised its discretion upon the evidence.

2. Defendant, acting under the advice of counsel, borrowed money from plaintiff, and gave therefor his bond and warrant of attorney, secured by a mortgage on his real estate. The money thus borrowed he prudently applied to the payment of liens on his estate. In subsequent proceedings it was found that he was a lunatic at the time of the execution of these papers. *Held*, that this was no defence in an action for the recovery of the loan.

3. *It seems*, a warrant of attorney to confess judgment need not be under seal.

January 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1879, No. 27.

Appeal of Solomon A. Kneedler, from the decree of the court discharging a rule to show cause why a judgment entered upon his bond and warrant of attorney should not be opened on the ground that the defendant was a lunatic when he executed said warrant. It appeared that Kneedler owned certain premises on the west side of Second street above Susquehanna avenue, in the city of Philadelphia, which were subject to a mortgage of $3000. He also owned property on the east side of said street which was subject to certain liens. In order to pay off the charges on the latter he was advised by his counsel to place a mortgage of $5000 on the property on the west side, and with the money thus obtained to pay off these liens. His counsel applied to Mr. Weigand, and through the latter a loan of $5000 was obtained from the Philadelphia Trust Company, for which Kneedler gave his bond and warrant of attorney secured by a mortgage on the west side property. These papers were duly executed on August 18th 1876. On default made a scire facias issued on the mortgage to which an affidavit of defence alleging that defendant was insane was filed, which the Court of Common Pleas held to be sufficient. Afterwards the plaintiff entered judgment on the bond in Court of Common Pleas, No. 2, and a rule to show cause why the same should not be opened was granted by said court

[Kneedler's Appeal.]

The defendant in support of his rule produced the exemplification of the record of the Court of Common Pleas, No. 4, of Philadelphia county, in lunacy proceedings against Solomon A. Kneedler, to December Term 1876, No. 1055, showing an inquisition taken February 12th 1877, finding:

"That the aforesaid Solomon Kneedler is, at the time of taking this inquisition, aged fifty-three years, and is, by reason of lunacy, incapable of managing his estate, and is wasting and destroying the same, and that he hath been in said state of incapacity by reason of said lunacy for the space of six months last past and upwards; and does not enjoy lucid intervals."

Which said inquisition was confirmed on March 2d 1877, and Holstein De Haven appointed committee.

The record also showed a petition to supersede the commission, filed October 25th 1877, an examiner's report thereon filed November 3d 1877, and the decree of the court confirming said report, and superseding and determining the commission in lunacy; the inquisition taken thereon, and the appointment of the committee, and all proceedings relating thereto.

From the deposition of Weigand, the real estate broker, who negotiated the loan, of the counsel of defendant and of De Haven, the committee, taken on behalf of plaintiff, it appeared that the defendant fully understood the transaction, discussed the matter of the various liens, showed Mr. Weigand over the property, and seemed perfectly competent to do business. Neither of these witnesses knew of his insanity or believed him insane.

It appeared also that $3000 of the $5000 loan was applied to the mortgage on the property, and that the balance, less one per cent. commissions and the conveyancing charges, was paid to Kneedler, with which he paid off the amount of the liens on the east side of the street. The court discharged the rule, when defendant took this writ, and alleged that the court erred in this action.

*Francis E. Brewster* and *F. Carroll Brewster*, for appellant.— The date of the inquisition was February 12th 1877, the six months mentioned therein ran back to August 12th 1876, and ante-dated the warrant of attorney, which bears date August 18th 1876. This was prima facie evidence that on the date of the warrant of attorney the appellant was insane, and the burden of disproving his sanity at that time was upon plaintiffs: Willis *v.* Willis, 2 Johns. 159; Roper *v.* Walker, 6 Barr 371; Noel *v.* Karper, 3 P. F. Smith 97. The appellant being insane on the day the warrant was executed, can recovery be had on such an instrument under seal? In Bank *v.* Moore, 28 P. F. Smith 407, this court held that the insanity of Moore was not a defence to the note in suit, the contract being executed and without fraud, but

conveyances of land and instruments under seal were specially excepted from the decision.

*Rowland Evans* and *R. L. Ashhurst*, for appellees.—The exercise of the jurisdiction to open judgments entered on warrants of attorney has always been held to be within the sound discretion of the court, and the Act of April 4th 1877, Pamph. L. 53, which provided for an appeal has not altered the law in this respect. The court below is to judge of the evidence, and is not required to send every case to a jury where there is a conflict of testimony. On all such appeals, the question to be determined is, whether the discretion has been rightly exercised on an appeal from a chancellor : Early's Appeal, 8 Norris 411; Hickernell's Appeal, 9 Id. 328.

The deed of a lunatic is voidable, not void: 2 Black. Com. 291. We contend that the rule is, that a party cannot avoid his contract, whether simple or on specialty, by merely pleading his lunacy at the time of making it, but must show that the other party had knowledge of his infirmity, and took advantage of it, or at least, if the bona fides of the transaction clearly appear (as in this case), the contract will not be avoided. And in no case of a contract for repayment of or security given for money borrowed has this been questioned: Story's Eq. 226; Sergeson *v.* Sealey, 2 Atk. 413; Neill *v.* Morley, 9 Ves. 478; Molton *v.* Camroux, 4 Exch. Rep. 17; Price *v.* Berrington, 3 MacN. & G. 490; Elliott *v.* Ince, 7 DeG., M. & G. 488; Campbell *v.* Hooper, 3 Sm. & G. 153; Henry *v.* Brothers, 12 Wright 71; Bank *v.* Moore, 28 P. F. Smith 412; Scanlon *v.* Cobb, Am. Law Reg. 1878, 305; Hirsh *v.* Trainor, 3 Abb. New Cases 274; Hicks *v.* Marshall, 8 Hun 328; Young *v.* Stevens, 48 N. H. 137. Having received the entire benefit of this contract, it will not be set aside : Bank *v.* Moore, *supra ;* Maurer's Appeal, 5 Norris 380 ; Beals *v.* Lee, 10 Barr 56 ; Snyder *v.* Laubach, 7 W. N. C. 465 ; Moore *v.* Hershey, 9 Norris 196; Baxter *v.* Earl of Portsmouth, 5 B. & C. 170 ; Dane *v.* Lady Kirkwall, 8 C. & P. 679 ; Nace *v.* Boyer, 6 Casey 111.

The judgment of the Supreme Court was entered January 19th 1880,

PER CURIAM.—The motion in the court below to open the judgment and let the defendant into a defence on the ground of alleged insanity, when the bond and warrant were executed, was an appeal to the equitable powers of the court. The question is, did the court, in the exercise of a sound discretion, discharge the ~~writ~~? *rule* The appellant had no equity. He acted by the advice of counsel, received the consideration, and it was prudently applied to the payment of his undisputed debts. Neither the conveyancer who negotiated the mortgage nor his own counsel considered him as

[Kneedler's Appeal.]

insane. It was undoubtedly a sane act, though it may have been by an insane man. The appellant relies much upon the ground that as the bond and warrant were under seal the case is not within the recognised exception. But the warrant need not have been under seal. In substance, it was a loan of money, and if the appellant had been sued for the loan the alleged insanity could not have availed him. Why then should the judgment confessed be opened?

Order affirmed, and appeal dismissed at the costs of the appellant, and record remitted.