# Doyle *v.* Reiter, Appellant.

*Judgment—Opening judgment—Failure of consideration—Commissions for sale of real estate.*

The appellate court will not review the discretion of the court of common pleas in refusing to open a judgment entered upon a judgment note given to secure the payment of commissions on sale of real estate, where the evidence for the defendant that the purchaser for the property was secured through sources entirely apart from the plaintiff, is directly contradicted by the evidence of the plaintiff and another person.

Argued Oct. 10, 1906.   Appeal, No. 148, Oct. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1906, No. 1,101, discharging rule to open judgment in case of J. W. R. Doyle v. Frederick Reiter.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.   Affirmed.

Rule to open judgment.

The substance of the testimony taken in support of, and against the rule, is set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*John M. Ridings*, with him *William Kelley*, for appellant.

*M. J. O'Callaghan*, with him *H. B. Painter*, for appellee.

Opinion by Head, J., December 14, 1906:

The court below discharged the rule, previously granted on petition of the defendant, to show cause why the judgment, confessed on warrant of attorney, should not be opened.   From that order or decree this appeal is taken.   The petition simply alleged a failure of consideration.   It did not deny the execution of the note or aver that any fraud had been practiced on the defendant to induce its execution and delivery.   The answer of the plaintiff was fully responsive and set forth that the services, to secure payment for which the note was given, had

been fully performed.  At the hearing the defendant sought to establish by his own testimony and that of his barkeeper that the understanding between the parties when the note was given was that it was not to be paid except in the event that a sale and transfer of the saloon, business and license of the defendant would be effected directly through the efforts of the plaintiff.  They further testified that after the property had been for some months in the hands of the plaintiff they gave notice that it was withdrawn and that the purchaser, who finally took over the property, was secured through sources entirely apart from the plaintiff.  It was admitted that the note had been read by both defendant and his witness before it was signed. Upon this testimony the learned counsel for appellant bases his conclusion that the consideration for the note had failed and that the rule to open the judgment should have been made absolute.  Had this testimony been uncontroverted, even though it attacked the presumption of consideration raised by the law from the fact that the obligation was under seal and tended to directly contradict the clearly expressed terms of the written instrument, such a conclusion might be tenable.  But it was met at every point by the evidence of the plaintiff and a witness who had been his agent at the time of this transaction. Their testimony tended to show that the plaintiff was a real estate broker who made a specialty of handling properties like that of defendant.  That in taking the note to secure payment for his services he dealt with the plaintiff just as he did with all other patrons.  That he extensively advertised the property in many of the city newspapers giving such data as to location, rental value, monthly sales, etc., as would likely attract the favorable notice of prospective purchasers.  That he listed it, with other like properties, on lists which were frequently sent to brewers, wholesale dealers and others who would probably be in touch with those seeking such investments.  That he actually secured a purchaser, satisfactory to the defendant, and that a contract of sale was made which afterwards fell through solely because of the refusal of the court of quarter sessions to transfer the license.  Under these circumstances the plaintiff contended that the services called for in the note had been fully rendered and a sale having been afterwards carried through, the time of payment named in the bond had arrived.  Upon this record the

court below determined that he was not warranted in opening the judgment and discharged the rule.   Can we say as a matter of law that any reversible error was committed in doing so?   A simple statement of the rule so often announced by the Supreme Court and this court, irresistibly impels us to return a negative answer to the question.   We quote from the leading case of Jenkintown National Bank's Appeal, 124 Pa. 337, so often cited and followed in the later cases : " ' It is a mistake to suppose that the court (below) cannot judge of the weight of the evidence, and the credibility of witnesses, but must in every case, where there is a conflict of testimony, send the case to a jury.   In equity cases these questions may be determined by the chancellor, and on appeal his decision is reviewed.   We are to determine in all such appeals whether the discretion of the court below has been rightly exercised : ' Earley's Appeal, 90 Pa. 321. . . . In Kneedler's Appeal, 92 Pa. 428, it was held that a motion to open a judgment entered on a warrant of attorney is an appeal to the equitable powers of the court, and upon an appeal under the act of April 4, 1877, P. L. 53, the question is whether the court rightly exercised its discretion upon the evidence."

The case before us undoubtedly discloses the conflict of testimony mentioned in the language above quoted.   But the court below is the tribunal recognized by law to determine, even where the evidence is conflicting, what the facts really are.   The appellate court fully exercises the powers committed to it in determining, not what the facts are, but that the court below has, or has not abused the discretion committed to it. As there was evidence ample, if believed, to support the conclusion reached, we cannot say there was any abuse of discretion.   The assignments of error must therefore be overruled, and the

Judgment is affirmed.