# Budd, Appellant, *v.* Coyer et ux.

*Judgment—Opening judgment—Conflicting testimony.*

The appellate court will sustain an order opening a judgment, where the testimony is conflicting, and it appears that the only way that justice can be done is by a full and fair trial before a jury.

Argued February 20, 1922. Appeal, No. 28, Jan. T., 1921, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1920, No. 367, making absolute rule to open judgment, in case of Mary H. Budd v. Dominick Coyer and Antonette Coyer. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to open judgment. Before EDWARDS, P. J.
The opinion of the Supreme Court states the facts.
Rule absolute. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Philip V. Mattes,* with him *Morgan S. Kaufman,* for appellant.

*John Memolo,* for appellees, not heard.

PER CURIAM, March 6, 1922:

Plaintiff entered judgment against defendants on a bond accompanying a mortgage.   On petition, a rule was granted to show cause why the judgment should not be opened and defendants let in to a defense.   Depositions were taken by the parties, the main question being the authority of an attorney-at-law, as agent for plaintiff, to receive payments on account of the indebtedness and interest secured by the obligation.   The testimony was conflicting to such extent that the court below in its opinion in making absolute the rule said: "We are of the opinion that the only way justice can be done in this case is by a full and fair trial before a jury."   In this conclusion, we concur.

Judgment affirmed.