# Tressler, Appellant, v. Emerick.

*Appeals—Judgment—Rule to open judgment—Discretion.*

1. An order making absolute a rule to open a judgment entered upon a note is a matter for the discretion of the lower court; and such order will not be reversed if no abuse of discretion appears.

2. In affirming such an order, the appellate court will abstain from discussing either the facts or the law.

Argued May 14, 1923.    Appeal, No. 142, Jan. T., 1923, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1919, No. 202, making absolute rule to open judgment, in case of Lloyd J. Tressler v. M. L. Emerick.    Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Rule to open judgment.    Before LANDIS, P. J.
The opinion of the Supreme Court states the facts.
Rule absolute.    Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*J. Fred Schaffer,* with him *John A. Coyle,* for appellant.

*John E. Malone,* for appellee, was not heard.

PER CURIAM, June 23, 1923:
This appeal by plaintiff is from an order opening a judgment entered upon a note, as to the amount of a certain receipt.    Passing upon a rule to open judgment is a matter for the discretion of the lower court (Kelber v. Plow Co., 146 Pa. 485; Blauvelt v. Kemon, 196 Pa. 128; Massey v. Massey et al., 267 Pa. 239, 242; Spiess v. Mooney, 67 Pa. Superior Ct. 8; Toffalo v. Marino, 77 Pa. Superior Ct. 281; and see Budd v. Coyer et ux., 273 Pa. 309), and the controlling question here is, Did such

action constitute an abuse of discretion? Under the case as now presented, this must be answered in the negative; but since a different aspect may appear on the trial, we will follow our usual practice and abstain from discussing either the facts or the law in this opinion.

The order opening the judgment is affirmed with a procedendo.