# Reidlinger et al. v. Cameron (et al., Appellants).

*Appeals—Judgment—Opening judgment — Fraud — Refusal to
open — Evidence — Husband and wife — Fraud on wife — Dower
rights.*

1. An application to open a judgment is addressed to the equi-
table powers of the court, and if, on the pleadings and proofs, doubt
exists as to the real justice and equity of the case, the action of the
court below in refusing to open the judgment will not be reversed
on appeal.

2. Where the validity of a writing reduced to a judgment is at-
tacked on the ground of fraud, the evidence to sustain the allega-
tion of fraud must be clear, precise and indubitable.

3. A paper executed by a wife purporting to release her dower
rights in the estate of her husband, is admissible in a proceeding in-
stituted by her after her husband's death to open a judgment given
by him to his adopted daughter and her husband, as competent
evidence bearing on the question whether there was a fraudulent
attempt to deprive her of her rights.

Argued May 24, 1926. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

Appeals, Nos. 9, 10 and 11, May T., 1926, by Kate
Cameron, intervenor, from orders of C. P. Dauphin Co.,
Sept. T., 1923, Nos. 725, 731 and 732, discharging rule
to open judgment, in case of Cora M. Reidlinger and

William Reidlinger v. C. Duncan Cameron and Kate Cameron, intervenor. Affirmed.

Petition to open judgments. Before Fox, J.

·The opinion of the Supreme Court states the facts.

Rule discharged. Kate Cameron, intervenor, appealed.

*Error assigned* was, inter alia, order, quoting record.

*George Kunkel,* with him *Jacob M. Goodyear* and *Daniel H. Kunkel,* for appellant.—Where judgments have been confessed to defraud a wife of her dower rights, the judgments should be opened and the wife allowed to intervene and make defense thereto: Killinger v. Reidenhauser, 6 S. & R. 531; Bouslough v. Bouslough, 68 Pa. 495; Cunningham's Est., 137 Pa. 621; Waterhouse v. Waterhouse, 206 Pa. 433.

The declarations of the plaintiff and defendant in the judgments as to the intent and purpose in executing judgment notes are admissible: Lowe v. Dalrymple, 117 Pa. 564; McMichael v. McDermott, 17 Pa. 353.

The evidence is sufficient to warrant the opening of the judgments on the ground that they were confessed without a bona fide consideration and to defraud the widow of her dower rights: Cochran v. Eldridge, 49 Pa. 365; Cray v. Lynn, 69 Pa. Superior Ct. 474; Webb v. Dienelt, 133 Pa. 585; Homewood People's Bank v. Marshall, 223 Pa. 289; Deakers v. Temple & Barker, 41 Pa. 234; Hollinshead v. Allen, 17 Pa. 275.

*W. Justin Carter, Sr.,* with him *Justin Carter, Jr.,* for appellee.

PER CURIAM, June 26, 1926:

The three appeals for consideration raise substantially the same questions and will be disposed of in one opinion.

C. Duncan Cameron died testate December 2, 1923, leaving to survive him a wife, Kate Cameron, who elected to take against his will. He also left an adopted daughter, Cora, who, after testator and his wife separated in 1912, continued to live with her adopted father and subsequently married William Reidlinger.

Previous to his death, decedent made and signed three judgment notes for $5,000 each, one date October 10, 1918, payable one year after date to Cora M. Reidlinger; another dated October 4, 1922, to Cora M. Reidlinger, and a third dated on the same day and payable to William Reidlinger, the latter two notes being payable one day after date. To the last-mentioned note the following was added, "This judgment is against 1803, 5 and 7 State Street property and is not to be collected until after the death of C. Duncan Cameron. This note is given for service in holding State Street property in trust and for service to be rendered to C. Duncan Cameron."

Judgment was entered on each of the foregoing obligations a few days before the death of Cameron, and, on July 21, 1924, on petition of the widow, Kate Cameron, a rule was granted in each case to show cause why judgment should not be opened and she allowed to intervene and make defense. The several petitions set forth that petitioner is the widow of C. Duncan Cameron, who wilfully and maliciously and without reasonable cause deserted her a number of years before the time of his death, and during his lifetime failed to contribute to her support, and that the notes in question were fraudulently given without consideration, and for the purpose of defeating her dower rights and preventing her from participating in the distribution of her husband's estate.

The answers averred consideration and denied the obligations were fraudulently given for the purpose of defeating petitioner's dower or other rights in her husband's property. Failure to support was also denied and a settlement in full was averred for all her interest

in the estate, and of all claims for support, by virtue of an agreement, dated May 31, 1912, in which it was recited "it is now desired to settle all differences between the said Kate Cameron and Charles D. Cameron, and to remise, release, and quitclaim the said Charles D. Cameron from any further payments, and discharge him and make him free from all payments or orders of said court: and also from all dower interests after his death."

Depositions were taken on behalf of petitioner, and after argument the rule in each case was discharged, the lower court saying in its opinion, which applies to each of the three appeals: "After carefully reviewing, considering and weighing all of the evidence submitted in this case, we conclude that the same fails to establish fraud in the execution and delivering of the note in question, or in any way connected with it, but on the other hand we find that the bona fides of the debt which the judgment note represents is established and that the petitioner is left without any ground upon which to stand."

An application to open a judgment is addressed to the equitable powers of the court, and if, on the pleadings and proofs, doubt exists as to the real justice and equity of the case, the court below will not be reversed on appeal: Massey v. Massey, 267 Pa. 239, 242; Tressler v. Emerick, 278 Pa. 128, and cases cited. In a case similar to the present, where the validity of a writing reduced to judgment is attacked on the ground of fraud, a heavy burden rests upon those who undertake to avoid the writing and set it aside, and the evidence to sustain the allegation of fraud must be clear, precise and indubitable: People's Bank v. Stroud, 223 Pa. 33, 35.

The proofs offered by petitioner were insufficient either to meet the burden resting on her, or to convince us that the court below abused its discretion in refusing to open the judgments. The evidence is ample to support the conclusion that the note in each case was based on a consideration either for money or service paid or ren-

dered decedent, and that petitioner, in consideration of $1,000, settled all differences between herself and husband and released and quitclaimed him from further payments for support "and also from all dower interests after his death."   This acquittance was executed at a time petitioner had full knowledge of all the circumstances attending her husband's financial condition and presumably was not induced by either fraud or coercion. We consider unnecessary a discussion of the question whether the legal effect of the writing was to in fact release the dower rights of petitioner.   It was at least an admission by her contrary to her present contention, and competent evidence bearing on the question whether there was a fraudulent attempt to deprive her of her rights.

The conclusions of the court below are fully justified by the evidence and the decree in each case is affirmed, at petitioner's costs.