## Friedman v. Ufner, Appellant.

Argued April 19, 1929.

38

[redacted]

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. [redacted]

*John H. Wilson,* and with him *Harvey Morton Aronson,* for appellant.

*James E. Marshall,* and with him *Thomas W. Watson,* for appellee.

OPINION BY CUNNINGHAM, J., July 2, 1929:

Appellant, by this appeal, alleges that the court below abused its discretion when it dismissed his petition and vacated his rule to open a judgment confessed against him, under a warrant of attorney contained in a lease, for a balance of rent alleged to be due thereunder.

In February, 1919, Jacob Friedman, plaintiff in the judgment and appellee herein, became the lessee of a "double store room and basement and wareroom," located on Kohler Avenue, Lyndora, Pa., for a term of five years. On June 14, 1919, he sublet to appellant a portion of the basement to be used as a pool room and bowling alley; the lease, in writing and under seal, was for a term of three years at a monthly rental of $30 for the first and $40 for the second and third years. Appellant installed several second-hand pool tables and bowling alleys and occupied the basement until August 12, 1920, paying practically all the rent

accruing up to that time. He then bought the fixtures of and leased another pool room on the street floor of a building on the same avenue, designated as the Pollock Building, and abandoned the use of plaintiff's basement; in 1923 he bought the property in which the last mentioned pool room was located and occupied it until 1925 when it burned. On December 2, 1927, appellee caused a judgment to be confessed against appellant for the rent for the balance of the three-year term of the basement lease, amounting to $900, together with attorney's commission and interest, and attached in the hands of an insurance company certain funds alleged to be owing by it to appellant. The proceeding to open, as we read the petition and evidence, was based upon appellant's contention that, when he had an opportunity to acquire the pool room in the Pollock Building in 1920, Friedman agreed, in effect, to accept a surrender of the balance of the term of the existing lease between appellant and himself and to release appellant from any further obligation to pay rent thereunder in consideration of appellant's leaving the pool tables and bowling alleys in the basement. This was done and the room remained vacant during the balance of the term. Appellant therefore had the burden of showing that a new contract of surrender, acceptance and release had been substituted by parol for his existing obligation under the lease.

The only material evidence was that of the respective parties who flatly contradicted each other. Appellant's testimony on the vital point reads: "A. I came to Mr. Friedman; I said 'Mr. Friedman, I bought another place;' we had a lease for that other place; then I says to Mr. Friedman, 'What are you going to do?' 'Well,' he said, 'Mike, if you want to you can move out but you are not allowed to take the fixtures out and you can go;' I said, 'What are you going to do with the lease?' He said he was going to hold the

lease for the fixtures. ...... Q. Why didn't you give Friedman back the key if you were going to leave? A. I said I would lock it up and give Friedman the key and he wouldn't take it. Q. He refused to take it from you? A. He said he don't want the key. Q. Wouldn't take it? A. Yes, sir.''

The making of any agreement of this nature was positively denied by appellee. There was evidence that appellant made at least one effort to sell the pool tables after he vacated the basement and that Friedman objected unless the proceeds should be applied on the rent. The proceeding was an appeal to the equitable jurisdiction of the court and the burden assumed by appellant was not light. His obligation under his written contract was clear unless he could modify it by the alleged parol agreement. To do this successfully his evidence must, in quality, be clear, precise and convincing and, so far as quantity is concerned, appellant was required to sustain his contention by the testimony of at least two witnesses, or one witness and corroborating circumstances equivalent to the testimony of another witness: Preis et al. v. Mulholland and Gotwals, Inc., 96 Pa. Superior Ct. 104; Harrold v. McDonald, 194 Pa. 359. Unless appellant's evidence was legally sufficient to take his case to a jury and sustain a verdict in his favor, it was not such evidence as would move a chancellor to open the judgment. The late president judge of the court below held that it was not sufficient and with this conclusion we agree.

The principal corroborating circumstance relied upon by appellant was the delay upon the part of appellee in having the judgment confessed—more than seven years having elapsed between the vacating of the premises and its entry—coupled with appellant's statement that, although he was in business, had money in the bank and owned real estate, appellee

never made demand upon him for the rent now claimed. Appellee's delay was rather unusual, but he testified that he had no knowledge that appellant owned any real estate or had money on deposit and asserted that he made demand upon several occasions for payment but considered his claim uncollectible until he learned of the money due appellant from an insurance company. On the other hand, the refusal by appellee to accept the key and his refraining from making any disposition of the property left on the premises seem to be circumstances corroborating his contention. The language of President Judge PORTER in Rasp v. Rasp, 79 Pa. Superior Ct. 29, is applicable here: "This was the case of oath against oath, and the credibility of the witnesses was a question for the learned judge of the court below. Our inquiry is confined to the question whether the discretion vested in the court below has been abused: Cruzan v. Hutchison, 210 Pa. 88; Augustine v. Wolf, 215 Pa. 558; Kline v. Fitzgerald Bros., 267 Pa. 469. We certainly would not be warranted in holding that the discretion of the court below was not properly exercised."

The appeal is dismissed.