Mrs. Fanny Saslow, Appellant, *v.* Saslow, Kahn, etc.

Argued October 10, 1930.

Before Trexler, P. J., Keller, Linn, Gawthop, Cunningham, Baldrige and Whitmore, JJ.

*Harry E. Apeler,* for appellant.

*J. George Lipsius,* for appellee.

OPINION BY TREXLER, P. J., December 12, 1930:

This case comes before us in an appeal from the order of the court below making absolute a rule for the opening of a judgment. The note in question was dated, June 1, 1929, for the sum of $750 and signed "Stanley Cleaners & Dyers, Nathan Saslow (L. S.), Adolph Kahn (L. S.), Sidney Portnoff (L. S.)" and witnessed by "Christian V. Kessler and Sam Saslow."

The petitioner, Adolph Kahn, alleged that the note was signed by him with the name of the payee in blank, that he understood that the omission would be supplied by the insertion of the name of Sam Saslow, whereas it later appeared that the note was made payable to Mrs. Fanny Saslow, the wife of Sam Saslow. When his deposition was taken in support of the petition to open, Kahn testified that he was induced to sign the note by Sam Saslow, who was the father of Nathan Saslow, one of the partners in the Stanley Cleaners & Dyers, that he represented that he was broke, that he had to raise some money, that if Kahn would sign the note, he could raise the money by discounting it, that it was merely for the accommodation of Saslow that the note was signed and no consideration passed and as there was nothing due and owing to the payee, the judgment should be opened and he be allowed to show this state of facts to a jury.

Unfortunately for him, all the other parties who had any knowledge of the transaction testified that the judgment note was given for an indebtedness of the partnership of which Kahn was a member. The petition was an appeal to the equitable powers of the court and the petitioner was required to furnish the proof of the facts alleged in his petition. The burden is upon the petitioner. It was said in Jenkintown N. Bank v. Fulmor, 124 Pa. 337, that it is difficult to lay down a precise measure of proof, there should be more than oath against oath.

The sole uncorroborated testimony of the defendant, he being an interested witness, is not sufficient to overcome his written promise to pay: Friedman v. Ufner, 97 Pa. Superior Ct. 37; Kline v. Fitzgerald, 267 Pa. 468. The applicant must make out a case which would justify a chancellor in entering a decree: Kock v. Biesecker, 7 Pa. Superior Ct. 37; Kline v. Fitzgerald, supra; Stevenson v. Dersam, 275 Pa. 412. The defendant in the present case testified in support of his petition to a state of facts which if corroborated would have sustained the action of the lower court in opening the judgment, but there were six witnesses who had knowledge of the transaction and who contradicted his statement.

We know no reason why the lower court should have disregarded the presumption arising from the giving of the note, coupled with the testimony of the six witnesses in support of its validity and accept the uncorroborated testimony of Kahn. We are constrained to hold that the opening of the judgment was an abuse of discretion on the part of the learned judge and the order making absolute the rule to open is reversed and the rule is discharged.