## Kaufman, Exrx., v. Feldman, Appellant.

Argued April 25, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Meyer Feldman,* for appellant, filed no brief.

*Samuel M. Rosenzweig,* for appellee.

Opinion by Baldrige, J., July 18, 1935:

This appeal is from the refusal of the court to open

a judgment entered against the defendant in an amicable action of ejectment upon a warrant of attorney contained in a lease.

On October 20, 1932, Simon Kaufman, through his agent, Sachs Real Estate Company, entered into a written agreement to lease to Joe Feldman, the appellant, a storeroom for a term of six months, expiring April 30, 1933, at a rental of $15 per month. The lease contained the following clause:

"In the event the tenant who now occupies rooms at said premises vacates any time after January 1, 1933, then J. Feldman, tenant, hereby agrees to assume said lease for rooms at the monthly rental of $30, total $45 for store and dwelling. Tenant hereby has the privilege of renewing lease from May 1, 1933, for one year at $45 provided he notified lessor or his agent of his intent by March 1, 1933."

The defendant continued to occupy the premises until May 5, 1934, when plaintiff entered judgment in an amicable action of ejectment for the storeroom. The defendant petitioned for a rule to open the judgment on the ground that he was in possession under an unexpired oral lease. An answer was filed, denying the averments in the petition, and depositions were taken. After an argument had before the court in banc, the rule was discharged. That decree is the subject of the only assignment of error.

The appellant, in support of the averments in his petition, testified that he, accompanied by his son, called at the home of Kaufman, who was ill, on February 23, 1933, and notified him that he desired to exercise the privilege of renewing the lease and having possession of the dwelling rooms. Kaufman notified him that he could not give him the rooms as they were rented, but offered to give him a two-years' lease on the storeroom at a rental of $15 per month, if he would not insist upon obtaining possession of the dwelling rooms. Feldman

stated that he agreed to that proposition, and, in response to his request that a lease be reduced to writing, Kaufman said: "Mr. Feldman, I am laying in bed and I cannot go, but my word is just as good as a lease. I will notify the real estate office that I arranged this with you." William Feldman, appellant's son, corroborated the testimony of his father. Kaufman and his wife both denied this alleged visit and conversation, and testified that on March 12th, after expiration of the time for renewal of the lease, Feldman alone called at their home and requested a renewal of the lease, which Kaufman refused to grant. The portion of the testimony of Kaufman and his wife that Feldman was there in March, unaccompanied by his son, was corroborated by a son-in-law.

The question that presents itself is: Was the evidence offered to prove the alleged oral agreement sufficient to convict the court below of an abuse of discretion in not opening the judgment and referring the facts in dispute to a jury?

An application to open a judgment is an equitable proceeding, addressed to the discretion of the court for disposition in accordance with the principles of equity. Prior to the Act of April 4, 1877, P. L. 53 (12 PS §1099), the decree of the common pleas refusing to open a judgment entered by virtue of a warrant of attorney or on a judgment note was conclusive. But under that act, which was followed by the Act of May 20, 1891, P. L. 101 (12 PS §1100), such a decree may be reviewed on appeal of the party aggrieved. The discretion, however, of the common pleas, which had previously been conclusive, has not been taken away by this legislation: Com. ex rel. v. Mellet (No. 1), 196 Pa. 243, 46 A. 434. In Jenkintown N. Bank's Appeal, 124 Pa. 337, 345, 17 A. 2, Mr. Chief Justice PAXSON, in an exhaustive discussion of the rule relating to the opening of judgments, said:

"It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than an oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. ...... This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere with."

That case has been cited a number of times. The doctrine laid down therein was approved recently in Spanko v. Trisick et ux., 307 Pa. 166, 169, 160 A. 718. There the appellants argued that it was an abuse of judicial discretion to discharge the rule to open the judgment, and that the question of payment of the mortgage should have been submitted to a jury. In a per curiam opinion, the court cited with approval the statement in Earley's Appeal, 90 Pa. 321, 322, where it was stated:

"The exercise of jurisdiction upon rules to open judgments, entered on warrants of attorneys, has always been held to be within the sound discretion of the courts. ...... It is a mistake to suppose that the court cannot judge of the weight of the evidence, and the credibility of witnesses, but must in every case, where there is a conflict of testimony, send the case to a jury."

See, also, Kaier Co. v. O'Brien, 202 Pa. 153, 160, 51 A. 760; Tressler v. Emerick, 278 Pa. 128, 122 A. 229; Reidlinger et al. v. Cameron et al., 287 Pa. 24, 27, 134 A. 418; Warren Savings Bank & Trust Co. v. Foley, 294 Pa. 176, 144 A. 84; Friedman v. Ufner, 97 Pa. Superior Ct. 37.

The above cases hold that a petitioner to open a judgment should show such a preponderance of evidence that a jury ought and probably would find in his favor.

If the proofs simply create a doubt as to the real justice and equity in the case, the refusal of the court below to open the judgment will not be reversed. Of course, it is the duty of the court in reaching a conclusion to consider the weight of the evidence and the credibility of the witnesses. The appellant contends that the learned court below failed to follow this mandate, but we are not convinced that the complaint is well founded.

The appellant has laid considerable stress on the case of DeLong Hook & Eye Co. v. Vogue Silk Hosiery Co., 108 Pa. Superior Ct. 369, 373, 164 A. 848, where we held that it is always competent for the parties to a written contract to show by parol that it was subsequently abandoned in whole or in part, modified, changed, or a new oral contract substituted. But we said, also, that it is incumbent upon the party asserting the change to support his claim with evidence that should be convincing to a jury. We think that case is in no way in conflict with the well-recognized rule to which we have referred. In determining the question, whether or not there was an abuse of discretion, in cases of this character, each case depends upon its own peculiar facts.

After a careful consideration of this record and the arguments of counsel of the respective parties, we have come to the conclusion that the measure of proof offered in support of the averments in the petition is not of such a standard as to require us to hold that the learned court below was guilty of an abuse of discretion in failing to open the judgment and grant an issue.

Judgment is affirmed.