Gardner, Admx., *v.* Salem, Appellant, et al.

Argued April 16, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Wilbur R. Seabrook,* for appellant.

*Priscilla A. Reichert,* for appellee.

Opinion by Parker, J., September 30, 1936:

This is an appeal from an order of the court below discharging a rule to show cause why a judgment entered by confession on a warrant of attorney should not

be opened and defendant permitted to make defense. We are all of the opinion that the rule should have been made absolute.

"An application to open a judgment entered upon a warrant of attorney is an equitable proceeding, addressed to the sound discretion of the court and to be disposed of in accordance with equitable principles ...... On appeal this court determines only whether the discretion has been abused": *Mielcuszny v. Rosol,* 317 Pa. 91, 93, 176 A. 236. It is difficult to state the precise measure of proof which should move a chancellor to open a judgment, but it is a familiar rule in chancery that he may not act unless there is more than oath against oath. "It is a mistake to suppose that the court cannot judge of the weight of the evidence, and the credibility of witnesses, but must in every case, where there is. a conflict of testimony, send the case to a jury": *Spanko v. Trisick,* 307 Pa. 166, 169, 160 A. 718. A brief and frequently used formula is that a petition to open a judgment should show such a preponderance of evidence that a jury ought and probably would find in defendant's favor:  Mitchell on Motions and Rules, p. 124; *Kaier Co. v. O'Brien,* 202 Pa. 153, 160, 51 A. 760; *Reidlinger v. Cameron,* 287 Pa. 24, 27, 134 A. 418; *Kaufman v. Feldman,* 118 Pa. Superior Ct. 435, 439, 180 A. 101. In *Warren Savings Bank & Trust Co. v. Foley,* 294 Pa. 176, 184, 144 A. 84, the true rule is stated to be "that in determining whether or not a judgment should be opened, the court below is required to weigh the evidence of both parties, consider the credibility of the witnesses, give due effect to writings which cannot be subject to bias or forgetfulness, and, in the exercise of a sound discretion, decide, as a chancellor, whether or not, in equity and good conscience, defendant has a just defense to the note or bond on which the judgment was entered."

We will refer to the evidence with these principles in

view. On April 7, 1932, C. F. Salem purchased from plaintiff's decedent, Loren C. Hitt, a team of horses with harnesses, giving in payment his judgment note with interest, at six months, indorsed by E. E. Jeffords. Interest was paid on the note to March 9, 1933, when by some arrangement between payor and payee of the note, the team and harnesses were returned to Hitt who kept the team for a time and then sold it. L. C. Hitt having died, his administratrix on November 26, 1934 caused judgment to be entered for the full amount of the note with 5% attorney's fees for collection and interest from April 7, 1932. The facts to this point are not in dispute, the controversy between the parties turning entirely on the conversation about March 9, 1933 between Hitt and Salem.

Defendant alleged in the petition to open the judgment that about March 9, 1933, the defendant met L. C. Hitt who demanded the return of the horses or payment of the note in full and that Salem being unable to pay the note, Hitt accepted the interest on the note and the return of the horses in full payment and satisfaction of the note which was to be returned when Hitt was able to get it from a place where it had been left.

Defendant, to support these allegations, testified himself and called his two sons who were present when the arrangement was made with reference to the return of the horses. The testimony of these three witnesses supported the allegations of the petition to open. In addition witnesses were called whose testimony tended to show that the horses were in fine condition when returned and that horses in 1933 were selling for a much higher price than they were in 1932.

Marion Gardner, the son-in-law of decedent and the husband of the administratrix, was called as a witness and testified that he was present when the conversation was had as to the return of the horses. His version of the agreement was that the horses were to be received

in discharge of the note provided that the interest was paid and $25 additional was paid for the use of the horses while they were in possession of Salem. There was also some testimony, contradicted by defendant's witnesses, to the effect that Marion Gardner, husband of the administratrix, by direction of Hitt had made a demand, before Hitt's death, for the payment of the $25 and that when such demand was made Salem refused to pay but did not deny that he owed that amount. There was also some testimony by the administratrix supporting her contention.

Now, it will be observed that judgment has been confessed not only for the full amount of the note but for interest from its original date, yet it is practically conceded that judgment was incorrectly confessed for an amount which included interest which had been paid. Again the administratrix and her witness testified that she was willing to accept $25 in settlement of the note and the effect of her testimony was to support a conclusion that the defendant was entitled to a credit of at least $115 representing the value of the team less a sum for its use. The team was returned to and received by Hitt who retained it and then sold it. This evidence could not be ignored by the chancellor. The result is that the evidence clearly shows such a preponderance of evidence, if not conclusive evidence, that the judgment was confessed for a sum in excess of what plaintiff was entitled to receive that the rules to which we have referred governing the opening of judgments require a reversal of the order. We did not have the benefit of an opinion by the court below in support of the order made, but we are convinced that it was an abuse of discretion to refuse to open the judgment.

The order of the court discharging the rule to open the judgment and to let the defendant into a defense is reversed and set aside and the rule is now made absolute.